IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**CHASE DEAKLE and ROBERT STEPHENS,**  **PLAINTIFFS**
Each Individually and on Behalf of All
Others Similarly Situated

vs.                                    No. 1:22-cv-

**GRAYSON AIR CONDITIONING, INC.**                          **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Chase Deakle and Robert Stephens ("Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Original Complaint—Collective Action against Defendant Grayson Air Conditioning, Inc. ("Defendant"), state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary and liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime wages under the FLSA.

### II.   JURISDICTION AND VENUE

3. The United States District Court for the Southern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Alabama has personal jurisdiction over Defendant, and Defendant, therefore "resides" in Alabama.

5. Plaintiffs were employed by and performed work for Defendant in Mobile County. Therefore, venue is proper within the Southern Division of the Southern District of Alabama pursuant to 28 U.S.C. § 1391.

### III.   THE PARTIES

6. Plaintiff Chase Deakle ("Deakle") is an individual and resident of Mobile County.

7. Plaintiff Robert Stephens ("Stephens") is an individual and resident of Baldwin County.

8. Defendant Grayson Air Conditioning, Inc. ("Grayson Air"), is a domestic, for-profit corporation.

9. Grayson Air's registered agent for service is D. Bradford Hardin at 7200 Cottage Hill Road, Mobile, Alabama 36609.

10. Defendant maintains a website at https://graysonairconditioning.com/.

### IV.   FACTUAL ALLEGATIONS

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles, fuel, tools and equipment.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

14. Defendant employed Plaintiffs within the three years preceding the filing of this lawsuit.

15. Defendant employed Deakle as an hourly-paid Service Technician from approximately June of 2018 to September of 2022.

16. Defendant employed Stephens as an hourly-paid Installer from approximately May of 2022 to August of 2022.

17. Defendant classified Plaintiffs as nonexempt from the overtime requirements of the FLSA and paid them an hourly wage.

18. Defendant also employed other hourly-paid employees and classified them as nonexempt from the overtime requirements of the FLSA (hereinafter, "Hourly Employees").

19. Defendant directly hired Plaintiffs and other Hourly Employees, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

20. In addition to his hourly wage, Deakle earned commissions.

21. Other Hourly Employees also were eligible for and earned commissions in addition to their hourly wage.

22. In addition to his hourly wage and commissions, Deakle received a $25 bonus for each customer review he received for Defendant.

23. The customer review bonuses are based on objective and measurable criteria.

24. Deakle expected to receive the customer review bonuses and did in fact receive the customer review bonuses on a regular basis.

25. Upon information and belief, all or most Hourly Employees were eligible for and received customer review bonuses.

26. Defendant informed its Hourly Employees of the customer review bonuses at a staff meeting, and the bonuses are part of Defendant's compensation package. Hourly Employees expect to receive the bonuses when they meet the required criteria.

27. Plaintiffs and other Hourly Employees regularly or occasionally worked in excess of forty hours per week throughout their tenure with Defendant.

28. Defendant paid Plaintiffs and other Hourly Employees 1.5 times their base hourly rate for some of the hours they worked over 40 in a workweek.

29. However, Defendant did not include the commissions or bonuses that were paid to Deakle and other Hourly Employees in their regular rates when calculating their overtime pay, even though Deakle and other Hourly Employees earned commissions and bonuses in pay periods in which they also worked in excess of forty hours per week.

30. 29 C.F.R. § 778.208 requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

31.     29 C.F.R. § 778.117 states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

32.     Defendant violated the FLSA by not including all forms of compensation, such as the commissions and bonuses of Deakle and other Hourly Employees, in their regular rate when calculating their overtime pay.

33.     Upon information and belief, Defendant's pay practices were the same for all Hourly Employees who received commissions or bonuses.

34.     Plaintiffs were required to arrive approximately thirty minutes to one hour early before each shift but were not allowed to clock in until their scheduled start time.

35.     Defendant required Plaintiffs to arrive early in order to load and inspect vehicles and to attend mandatory staff meetings.

36.     Upon information and belief, other Hourly Employees were also required to arrive approximately thirty minutes to one hour before their scheduled shift but were not allowed to clock in until their scheduled start time.

37.     Plaintiffs and other Hourly Employees could be disciplined by Defendant if they failed to arrive early before their scheduled shift, up to and including termination.

38.     Therefore, the time Plaintiffs and other Hourly Employees spent working before the start of their scheduled shift went uncompensated.

39.     Plaintiffs worked hours off the clock in weeks in which they also worked hours over forty.

40.     Upon information and belief, other Hourly Employees also worked hours off the clock in weeks in which they also worked hours over forty.

41. Plaintiffs and other Hourly Employees tracked their time using Defendant's electronic timekeeping system.

42. However, Plaintiffs and other Hourly Employees were not allowed to submit their time worked before the start of their scheduled shift.

43. Defendant failed to pay Plaintiffs and other Hourly Employees for all hours worked.

44. Defendant knew of should have known that Plaintiffs and other Hourly Employees regularly worked hours which went unrecorded and uncompensated.

45. Defendant knew of should have known that Plaintiffs and other Hourly Employees regularly worked hours over 40 per week.

46. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of proper overtime compensation for all hours worked over forty per week.

47. The net effect of Defendant's practices and policies as described above is that Defendant intentionally avoided recording all of Plaintiffs' time worked and including all forms of compensation in Plaintiffs' regular rate in order to avoid paying Plaintiffs proper overtime compensation for all hours worked over forty per week.

48. Defendant made no discernible effort to comply with applicable law.

49. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V. REPRESENTATIVE ACTION ALLEGATIONS

50. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Regular wage and overtime premiums for all hours worked over forty hours in any week;

    B.    Liquidated damages; and

    C.    Attorney's fees and costs

47.    Plaintiffs propose the following collective under the FLSA:

**All Hourly Employees within the past three years.**

48.    In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

49.    The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

    B.    They were paid hourly;

    C.    They worked over forty hours in at least one week within the last three years; and

D.  They were subject to Defendant's common policy of failing to pay a proper overtime rate for hours worked over forty in a week.

51.  Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 20 individuals.

52.  Defendant can readily identify the members of the collectives, who are a certain portion of the current and former employees of Defendant.

53.  The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

54.  The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

55.  Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

58.  Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

59.  Defendant failed to pay Plaintiffs for all hours worked.

60. Despite Plaintiffs' entitlement to overtime payments under the FLSA, Defendant failed to pay Plaintiff 1.5 times their regular rate for all hours worked in excess of 40 per week.

61. Defendant knew or should have known that its actions violated the FLSA.

62. Defendant's conduct and practices, as described above, were willful.

63. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

64. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claims for Violation of the FLSA)

66. Plaintiffs asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

67. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

68. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5 times their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

69. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

70. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

71. Defendant failed to pay Plaintiffs and similarly situated employees 1.5 times their regular rate for all hours worked in excess of 40 per week.

72. Defendant deprived Plaintiffs and similarly situated employees of compensation for all hours worked over forty per week, in violation of the FLSA.

73. Defendant knew or should have known that its actions violated the FLSA.

74. Defendant's conduct and practices, as described above, were willful.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

76. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of

liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Chase Deakle and Robert Stephens, each individually on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of collectives under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHASE DEAKLE and ROBERT STEPHENS,
Each Individually and on Behalf of All Others
Similarly Situated, PLAINTIFFS**

HARDIN & HUGHES LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Facsimile: (205) 756-4463

*/s/ David A. Hughes*
David A. Hughes
Ala. Bar No. 3923-U82D
dhughes@hardinhughes.com

**LOCAL COUNSEL FOR PLAINTIFFS**

SANFORD LAW FIRM, PLLC
10800 Financial Center Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Laura Edmondson*
Laura Edmondson
Ark. Bar No. 2021312
laura@sanfordlawfirm.com
*Pro hac vice to be Filed*

**LEAD COUNSEL FOR PLAINTIFFS**