IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHASE DEAKLE and ROBERT STEPHENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRAYSON AIR CONDITIONING, INC.<br><br>Defendant. | CIVIL ACTION NO.:<br>1-22-CV-00476 |

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER DISMISSING PLAINTIFFS' FLSA CLAIMS**

COME NOW Plaintiffs Chase Deakle ("Deakle"); and Richard Perry, II ("Perry") (collectively, "Plaintiffs") and Defendant Grayson Air Conditioning, Inc. ("Defendant") (collectively, "the Parties") and jointly move the Court for approval of a Fair Labor Standards Act (FLSA) settlement agreement entered into in this action (the "FLSA Agreement(s)") and entry of an Order dismissing Plaintiffs' FLSA claims. The Parties agree that the terms reflected in the FLSA Agreement(s) are mutually satisfactory and represent a fair and reasonable compromise of Plaintiffs' FLSA claims. The Court's approval and entry of an Order dismissing Plaintiffs' FLSA claims will consummate the FLSA Agreement(s) between the Parties. The Parties set forth the grounds for this joint motion in the following memorandum of law.

A.   **BACKGROUND**

On November 23, 2022, Plaintiffs Robert Stephens and Chase Deakle filed a complaint against Defendant, alleging that, *inter alia*, Defendant violated the FLSA by failing to pay them for required statutory overtime wages. *See* Doc. 1; PageID # 1-12. Chase Deakle and Robert Stephens also sought to form a collective against (the "Collective Action") Defendant based on

Defendant's alleged violation(s) of the FLSA. *See Id*. Robert Stephens has since withdrawn from the case. *See* Doc. 40. On May 3, 2023, Richard Perry filed his consent to join the Collective Action. Defendant denies any and all liability to Plaintiffs in connection with their FLSA claims and further contends that there are meritorious defenses applicable to Plaintiffs' FLSA claims, which, if raised, would bar all or part of those claims.

The Parties have engaged in settlement negotiations and reached settlement terms that, if approved by the Court, would completely resolve all of Plaintiffs' claims. The Parties now file this joint motion requesting the Court to approve the FLSA Agreement(s) entered into by the Parties in this action and to dismiss this action with prejudice. (A copy of the FLSA Agreements are attached hereto as Exhibits 1-2). The Agreements call for a total settlement of $24,000.00 in payments to the Plaintiffs. In addition, the Parties negotiated $7,000.00 in attorneys' fees and costs. The payments to the Plaintiffs represented by the settlement were calculated by the Parties as follows:

**I.     DAMAGES**

    **A.     Deakle**

        1.     Overtime wages: $6,000.00

        2.     Liquidated damages: $6,000.00

    Total Payment to Deakle: $12,000.00

    **B.     Perry**

        1.     Overtime wages: $6,000.00

        2.     Liquidated damages: $6,000.00

    Total Payment to Perry: $12,000.00

The attorneys' fees were calculated by the Parties as follows:

    II.      ATTORNEYS' FEES

        Total: $7,000.00

    B.      <u>**LEGAL PRINCIPLES**</u>

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor,* 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

    (1)    the existence of fraud or collusion behind the settlement;

    (2)    the complexity, expense, and likely duration of the litigation;

    (3)    the stage of the proceedings and the amount of discovery completed;

    (4)    the probability of Plaintiffs' success on the merits;

    (5)    the range of possible recovery; and

    (6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Ass'n,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Fitchhorn v. Jay's Landscaping & Custom Lawn Serv., Inc.,* No. 1:19-CV-92-TFM-N, 2020 WL 13738555, at *2 (S.D. Ala. July 2, 2020) (adopting *Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Armstrong v. Bonds,* No. 2:15-CV-1033-VEH, 2016 WL 10567959, at *2 (N.D. Ala. May 9, 2016) (internal quotations omitted).

**C.**    **<u>LEGAL ANALYSIS</u>**

As discussed above, Defendant denies that it is liable to Plaintiffs for additional overtime compensation. Plaintiffs acknowledge that the settlement sum provided in the FLSA Agreement(s) represents a fair and reasonable compromise of their FLSA claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Thompson v. Brookstone Bldg. Co., LLC,* No. 2:16-CV-00177-JHE, 2016 WL 3878500, at *2 (N.D. Ala. July 18, 2016) (applying *Leverso* factors in FLSA settlement). The undersigned counsel represents to the Court that there was no fraud or collusion.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties disagree over the merits of the FLSA claims asserted by Plaintiffs. If the Parties continued to litigate this matter, they would be forced

to engage in costly litigation to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. The Parties began settlement discussions shortly after Chase Deakle and Robert Stephens filed their Complaint, and Perry joined the Collective Action. The Parties resolved the disputed FLSA claims, with Plaintiffs receiving amounts resolving their claims for back wages they contended they were owed, as well as an amount for liquidated damages, and a release of their FLSA claims, while Defendant is ceasing to incur further time or costs in defending this action, despite Defendant maintaining that it is not liable to Plaintiffs for any unpaid wages. In agreeing upon the proposed FLSA Agreement(s), the Parties had sufficient information and had conducted an adequate investigation to allow them to make educated and informed analyses of the claims. Courts approve settlements early in FLSA cases in these circumstances, recognizing that "early resolution of FLSA claims are encouraged, and extensive discovery typically is unnecessary." *Smith v. Preferred Guest Servs., LLC,* No. 6:06CV1711 ORL31UAM, 2007 WL 2209324, at *1 (M.D. Fla. July 30, 2007). The settlement reached in this case did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by the Parties.

Under the terms of the FLSA Agreements, Plaintiffs are receiving, at minimum, an amount which compensates them for their alleged miscalculated overtime payments based on regular rate violations and an assumed hour and a half of hours worked "off-the-clock" each week, as well as an additional 75% in liquidated damages. This is a reasonable compromise because Defendant's position is that Plaintiffs were properly paid for all hours worked. At trial, Plaintiffs would have had the burden of showing that they worked hours that went unrecorded and uncompensated. In

addition, liquidated damages were not assured. Defendant believes it would have made the showing of good faith necessary to eliminate Plaintiffs' entitlement to liquidated damages. At the outset of this matter, the Parties disputed Plaintiffs' top recovery. Not including liquidated damages, Deakle estimated his top recovery to be $10,808.89. Defendant argued that Deakle's top recovery was approximately $5,000, not including liquidated damages. Not including liquidated damages, Perry estimated his top recovery to be $14,089.36. Defendant argued that Perry's top recovery was approximately $4,100, not including liquidated damages.

In addition to the alleged unpaid wages, Plaintiffs sought attorneys' fees under the mandatory fee-shifting provision in the FLSA. *See* 29 U.S.C. § 216(b). Using the lodestar analysis, the Parties have agreed to $7,000.00 in attorneys' fees and costs ("Attorneys' Fees"). However, despite the Parties agreeing on the amount of Attorneys' fees, the FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. *See generally Norman v. Alorica*, Inc., 2012 WL 5452196 (S.D.Ala. Nov. 7, 2012); *Wolff v. Royal American Mgt., Inc*., 2012 WL 5303665 (S.D.Ala. Oct. 25, 2012). To determine the reasonableness of the attorney's fees requested, the Court employs the lodestar analysis: the number of hours reasonably expended multiplied by a reasonable hourly rate for similar legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Resolution Trust Corp. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149–1150 (11th Cir.1993).

To the extent that the Court wishes to determine the reasonableness of the Attorneys' Fees, Plaintiffs' counsel avers that they are reasonable. Plaintiffs attach for the Court's review a declaration of Josh Sanford in support of the agreed fees as Exhibit 3 and a copy of the billing

records for this matter kept by lead counsel as Exhibit 4. At just 57% of the incurred fees and costs, and given the degree of success for Plaintiffs, the Attorneys' Fees are reasonable.

## CONCLUSION

For the preceding reasons, the Parties file this joint motion requesting that the Court approve the proposed FLSA Agreement(s) and enter an Order dismissing the FLSA claims with prejudice.

WHEREFORE, PREMISES CONSIDERED, The Parties respectfully request the Court to find that this settlement is a fair and reasonable resolution of the Parties' FLSA claims, and to enter an order dismissing Plaintiffs' claims, with prejudice.

Respectfully submitted,

**CHASE DEAKLE and RICHARD PERRY II, PLAINTIFFS**

HARDIN & HUGHES LLP
2121 14th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Facsimile: (205) 756-4463

David A. Hughes
Ala. Bar No. 3923-U82D
dhughes@hardinhughes.com
LOCAL COUNSEL FOR PLAINTIFFS

SANFORD LAW FIRM, PLLC
10800 Financial Center Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501)-221-0088
Facsimile: (888) 787-2040

*/s/ Samuel Brown*
Samuel Brown
Ark. Bar No. 2020210
samuel@sanfordlawfirm.com
*Pro hac vice*
LEAD COUNSEL FOR PLAINTIFFS

   **and**  **DEFENDANT GRAYSON AIR CONDITIONING, INC.**

PHELPS DUNBAR LLP
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Telephone: (251) 432-4481

*/s/ Caleb W. Diaz (by permission)*
Caleb W. Diaz
caleb.diaz@phelps.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2023, a true and correct copy of the foregoing was filed on CM/ECF and electronically served upon the following counsel of record:

Caleb W. Diaz
PHELPS DUNBAR LLP
101 Dauphin Street, Suite 1000
Mobile, Alabama 36602
Telephone: (251) 432-4481
caleb.diaz@phelps.com
*Attorney for Defendant*

            */s/ Samuel Brown*
            **Samuel Brown**