# SETTLEMENT AGREEMENT AND RELEASE

This is a Settlement Agreement and Release (the "FLSA Agreement") entered into by and between Richard Perry ("Plaintiff"), and Grayson Air Conditioning, Inc. ("Grayson Air").

## BACKGROUND

On November 23, 2022, Chase Deakle and Richard Stephens filed their Complaint against Grayson Air, styled as *Chase Deakle and Richard Perry, individual, and on behalf of others similarly situated vs. Grayson Air Conditioning Inc.*, Case No. 1-22-CV-00476 in the United States District Court for the Southern District of Alabama (the "Litigation"). Deakle and Stephens also sought to form a collective against (the "Collective Action") Grayson Air based on Grayson Air's alleged violation(s) of the FLSA. On May 3, 2023, Plaintiff filed his consent to join the Collective Action.

Plaintiff alleges in the Litigation that, *inter alia*, Grayson Air violated the Fair Labor Standards Act (the "FLSA") by failing to pay Plaintiff for required statutory overtime wages ("the FLSA claims"). Grayson Air denies any and all liability to Plaintiff, and contends that there are defenses applicable to Plaintiff, which, if asserted, would bar all or part of his claims.

The parties wish to settle the FLSA claims in the Litigation and fully release all FLSA claims that have been brought or could have been brought by Plaintiff. Accordingly, the parties enter into this FLSA Agreement to resolve the FLSA or other wage and hour claims asserted or which could have been asserted in the Litigation, subject to court approval.

## SUBSTANTIVE PROVISIONS

In exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is expressly acknowledged, the parties agree as follows:

### Section 1 – Payment

(a) **Sufficiency of Consideration.** Plaintiff acknowledges and agrees that the payment provided under the terms of this FLSA Agreement is sufficient consideration for the releases and other promises made by Plaintiff in this FLSA Agreement.

(b) **Payments.** In exchange for the promises and releases contained in this FLSA Agreement, Grayson Air will pay Plaintiff the total, gross amount of Twelve Thousand Dollars ($12,000.00) (the "Settlement Sum") within thirty (30) business days after the Court's entry of an Order dismissing the Plaintiff FLSA claims with prejudice, as described in Section 1(e) below, and upon Grayson Air receipt of a signed copy of this FLSA Agreement executed by Plaintiff and appropriate tax forms for all payees identified in Section 1(c) below. Plaintiff acknowledges that Grayson Air is not otherwise required to pay or provide Plaintiff the Settlement Sum if these conditions are not met.

(c) **Distribution of Payments.** The Settlement Sum shall be payable by Grayson Air as follows:

i. <u>Unpaid Wages; Back Wages</u>. Grayson Air will pay Six Thousand Dollars ($6,000.00) to Plaintiff in full settlement of any claims Plaintiff may have against Grayson Air for unpaid wages and back pay according to the terms and conditions set forth in this FLSA Agreement. The parties acknowledge and agree that this portion of the Settlement Sum is paid as a result of a disputed claim for unpaid wages and back pay and, therefore, Grayson Air will issue a Form W-2 to Plaintiff in connection with the payment of this portion of the Settlement Sum. Further, Grayson Air will withhold from this portion of the Settlement Sum all applicable federal, state, and local taxes or other standard withholdings.

ii. <u>Liquidated Damages</u>. Grayson Air will pay Six Thousand Dollars ($6,000.00) to Plaintiff in full settlement of any claims Plaintiff may have against Grayson Air for liquidated damages permitted by the FLSA according to the terms and conditions set forth in this FLSA Agreement. The parties acknowledge and agree that this portion of the Settlement Sum represents compensation for disputed claims for liquidated damages; therefore, as to this portion of the Settlement Sum, Grayson Air will issue a Form 1099 to Plaintiff, and Grayson Air will not make any deductions or withholdings.

iii. Grayson Air will tender the Settlement Sum payments in the form of checks delivered to eth Sanford Law Firm at 10800 Financial Centre Parkway, Suite 510, Little Rock, AR 72211.

(d) **Indemnity for Fees and Taxes.** Plaintiff acknowledges that the Internal Revenue Service may challenge the taxability of section 1(c)(ii) of the Settlement Sum set forth above, and that this portion of the Settlement Sum may be found to be taxable. If the taxability of this portion of the Settlement Sum is challenged by the Internal Revenue Service or any other person or entity, and it is determined to be taxable, then Plaintiff agrees that he is solely responsible for payment of any taxes and for making any contributions that may be due on that portion. Further, Plaintiff agrees to indemnify, defend, and hold harmless Grayson Air against any claim by any person or entity that Grayson Air wrongfully failed to withhold any amount from the Settlement Sum, or failed to pay any amount due, including the reimbursement of any tax, penalty, interest, attorneys' fees, or costs incurred by Grayson Air in defending any such claims. The parties agree that they will cooperate with each other, and provide any information or documents necessary to respond to any complaint, claim, or investigation regarding the taxability of the Settlement Sum.

(e) **Dismissal with Prejudice.** In consideration of the benefits conferred to Plaintiff under the Agreement and as described in Section 1 above, within ten (10) business days of the date the Agreement becomes fully executed by the parties, Plaintiff will jointly file with Grayson Air a motion seeking approval of the FLSA Agreement and dismissal of the Plaintiff's FLSA claims with prejudice. This settlement is contingent upon the Court's approval of the Agreement and the dismissal with prejudice of the Plaintiff's FLSA claims. Within thirty (30) days after the Court approves the Agreement and dismisses the Litigation with prejudice, Grayson Air agrees to deliver Plaintiff with the Settlement Sum as specified in section 1(c)(iii). If, for whatever reason, the

Court does not approve the FLSA Agreement, then all parties are discharged of any and all obligations they have under the terms of the FLSA Agreement.

### Section 2 – Complete Release of Plaintiff's Wage and Hour Claims

(a) **Full and Final Release of Plaintiff's FLSA Claims.** Plaintiff hereby releases and forever discharges Grayson Air from any and all claims he has, had, or hereafter may have against Grayson Air based upon alleged violations of the FLSA, including but not limited to wage and hour claims, and all claims for backpay and liquidated damages, costs, expenses, or attorneys' fees in connection with any alleged violations of the FLSA, for which Plaintiff had, has, or hereafter may have against Grayson Air. Plaintiff also releases and discharges Grayson Air from any attorneys' fees and costs incurred in the Litigation in excess of the payment of $7,000.00 to the Sanford Law Firm which will be submitted to the Court for approval along with this FLSA Agreement.

(b) **Promise Not to Litigate Released Claims.** By executing this FLSA Agreement, Plaintiff represents that he has not filed any other lawsuits, arbitration petitions, or administrative complaints, either in his name or on behalf of any other person or entity, against Grayson Air in any local, state or federal court or with any local, state, federal regulatory or administrative agency where an FLSA allegation is made, and is unaware of the existence of any such lawsuit, petition, or complaint that names him or has been filed on his behalf. Plaintiff further represents that he will not bring any action in the future in which he seeks to recover any damages from Grayson Air for alleged FLSA violations based on facts arising prior to the date and time he executes this FLSA Agreement, other than an action to enforce his rights under this FLSA Agreement pursuant to Section 5(c), below. Nothing in this FLSA Agreement shall interfere with Plaintiff's right to file a complaint or cooperate or participate in an investigation or proceeding conducted by the Department of Labor (including any office or agency within DOL), and/or any other federal, state, or local regulatory or law enforcement agency or commission ("Government Agency(ies)"). However, the consideration provided to Plaintiff in this FLSA Agreement shall be the sole relief provided to Plaintiff for the FLSA claims that are released by Plaintiff herein, and Plaintiff will not be entitled to recover and agrees to waive any monetary benefits or recovery against Grayson Air in connection with any such claim or proceeding without regard to who has brought such complaint.

(c) **No Known Violations.** Plaintiff represents and warrants to Grayson Air that, other than the Litigation, (i) Plaintiff does not currently possess information that Grayson Air has violated, or allegedly violated the FLSA, or any similar wage and hour law, regulation, or statute, and (ii) Plaintiff has not raised or reported any such wage and hour violations, or perceived violations, to Grayson Air. By executing this FLSA Agreement, Plaintiff represents that he has no information that would form a basis of a claim or report of fraudulent or illegal activity by Grayson Air.

Doc ID: 3a0099bc9790622cda5ea2be5edab9fcd8be0db7

### Section 3 – <u>Promises</u>

(a) **Ownership of Claims.** Plaintiff has not assigned, transferred, or given away any of the FLSA claims he is releasing under section 2 above, nor has he purported to do so.

(b) **Nonadmission of Liability.** The parties acknowledge and agree that the settlement of Plaintiff's FLSA claims (i) does not constitute any admission of liability by Grayson Air; (ii) does not constitute an admission by Grayson Air of the validity of any of Plaintiff's legal or factual contentions; and (iii) is solely for the purpose of avoiding the expense and inconvenience of further proceedings between the parties.

(c) **Implementation.** Plaintiff and Grayson Air agree to sign any documents and do anything else that is necessary in the future to implement this FLSA Agreement.

(d) **No Encouragement of Claims Against The Company**. Except as may be required by court order or subpoena, Plaintiff represents and warrants that he will not volunteer testimony or cooperation to any other individual or entity with respect to actual or potential FLSA claims against Grayson Air, and he will not, directly or indirectly, encourage any individual or entity to assert any FLSA claim against Grayson Air. Plaintiff agrees that he will notify counsel for Grayson Air in writing within three (3) calendar days of being contacted by any individual or entity seeking his cooperation in this regard. Such notification and copy shall be sent to Grayson Air Conditioning, Inc., C/O Peter Grayson, 7200 Cottage Hill Road, Mobile, Alabama 36609.

This provision is not meant to preclude Plaintiff from testifying truthfully pursuant to a proper subpoena issued by a court of competent jurisdiction, nor is it intended to preclude Plaintiff from cooperating with federal, state, or local agencies that are investigating any claims of discrimination, harassment, or other unlawful conduct. Furthermore, this provision does not restrict or qualify Plaintiff's ability to provide information to or cooperate with the SEC regarding actual or potential claims against Releasees, nor does this provision obligate Plaintiff to notify Grayson Air in the event the SEC contacts him seeking Plaintiff's cooperation.

### Section 5 – <u>Miscellaneous</u>

(a) **Entire Agreement and Severability.** This FLSA Agreement represents the sole and entire agreement between the parties regarding the release of Plaintiff's FLSA claims and supersedes any and all prior agreements, negotiations, or discussions between the parties and/or their respective counsel with respect to the release of the FLSA claims asserted against Grayson Air in the Litigation. The parties further agree that this FLSA Agreement may not be modified orally and that any modification of this FLSA Agreement must be in writing and signed by all parties. If any provision in this FLSA Agreement is found to be unenforceable, all other provisions will remain fully enforceable. The covenants set forth in this FLSA Agreement shall be considered and construed as separate and independent covenants. Should any part or provision of this FLSA Agreement be held invalid, void, or unenforceable in any court or agency of competent jurisdiction, or by an arbitrator or panel of arbitrators, such invalidity, voidness, or unenforceability shall not render invalid, void, or unenforceable any other part or provision of this FLSA Agreement.

Doc ID: 3a0099bc9790622cda5ea2be5edab9fcd8be0db7

(b) **Interpretation and Forum.** This FLSA Agreement shall be construed as a whole according to its fair meaning. It shall not be construed strictly for or against Plaintiff or Grayson Air. Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other. Captions are intended solely for convenience of reference and shall not be used in the interpretation of this FLSA Agreement. This FLSA Agreement shall be governed by the statutes and common law of the state of Florida, without regard to conflict of law principles.

(c) **Enforcement.** The parties retain any rights they may have arising from a breach of this FLSA Agreement. The failure of Plaintiff or Grayson Air to insist upon the performance of any of the terms and conditions in this FLSA Agreement, or the failure to prosecute any breach of any of the terms and conditions of this FLSA Agreement, shall not be construed as a waiver of any term or condition of this FLSA Agreement. This entire FLSA Agreement shall remain in full force and effect as if no such forbearance or failure of performance had occurred.

(d) **Plaintiff's Acknowledgment.** Plaintiff acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that he understands and acknowledges the significance and consequences of this FLSA Agreement and represents that its terms are fully understood and voluntarily accepted. Plaintiff further acknowledges: (i) that Plaintiff has consulted with or has had the opportunity to consult with an attorney of Plaintiff's choosing concerning this FLSA Agreement and is herein advised in writing to do so by Grayson Air; and (ii) that Plaintiff has read and understands this FLSA Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on Plaintiff's own judgment and/or Plaintiff's attorney's advice. Plaintiff acknowledges that Plaintiff is getting more consideration under this FLSA Agreement than that to which Plaintiff is otherwise entitled. Plaintiff further understands and acknowledges that Plaintiff is only releasing claims in Section 2(a) of this FLSA Agreement that arose prior to the execution of this FLSA Agreement.

Plaintiff further represents, warrants, and acknowledges that he had an opportunity to raise in the Litigation any claims that he is owed wages, overtime wages, liquidated damages, interest and/or any other penalties or damages under the FLSA and any applicable state wage and hour laws, and he acknowledges and agrees that the payments provided to him pursuant to this FLSA Agreement fully compensates him for any actions Plaintiff brought or could have brought against Grayson Air under such laws.

(e) **Execution of the Agreement.** This FLSA Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same document. Delivery of an executed signature page of this FLSA Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means, has the same effect as delivery of an executed original of this FLSA Agreement.

(f) **Attorneys' Fees and Costs.** In the event that either party institutes an action to enforce any provision contained in this FLSA Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs from the other parties, including any fees and costs on any appeal(s).

Doc ID: 3a0099bc9790622cda5ea2be5edab9fcd8be0db7

(g)     As used in this FLSA Agreement, the term "Plaintiff" shall mean Richard Perry, as well as his heirs, personal representatives, assigns, successors, agents, and attorneys.

(h)     As used in this FLSA Agreement, the term "Grayson Air" shall mean Grayson Air Conditioning, Inc., as well as its predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives.

PLAINTIFF HAS COMPLETELY READ THE TERMS OF THIS FLSA AGREEMENT AND FULLY UNDERSTANDS THEM AND VOLUNTARILY ACCEPTS THEM FOR THE PURPOSE OF MAKING A FULL AND FINAL COMPROMISE AND SETTLEMENT OF HIS FLSA CLAIMS, DISPUTED OR OTHERWISE, ON ACCOUNT OF THE MATTERS AND THINGS ABOVE MENTIONED.

As to Plaintiff, this  18  day of  August  , 2023.

*Richard Perry*
RICHARD PERRY

As to Grayson Air Conditioning, Inc., this  24  day of  August  2023.

GRAYSON AIR CONDITIONING, INC.

By: _____

Its:  President

Doc ID: 3a0099bc9790622cda5ea2be5edab9fcd8be0db7