IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHASE DEAKLE and ROBERT STEPHENS, Each individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>GRAYSON AIR CONDITIONING, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 22-00476-KD-N |

## ORDER

This action is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement and Entry of an Order Dismissing Plaintiffs' FLSA Claims (doc. 41) and the Settlement Agreement and Release signed by Plaintiff Chase Deakle and opt-in Plaintiff Richard Perry II (doc. 41-1, doc. 41-2). Upon consideration, and for the reasons set forth herein, the Court is unable to find that the Settlement Agreements and Releases are a fair and reasonable resolution of Deakle and Perry's FLSA claims. Accordingly, the parties are **granted leave to refile**, on or before **November 17, 2023,** amended Settlement Agreements and Releases, which address the Court's concerns.

    I. Procedural background

Plaintiffs Chase Deakle and Robert Stephens[1] brought this opt-in collective action against defendant, Grayson Air Conditioning, Inc., alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") (doc. 1, doc. 1-1, doc. 1-2). Richard Perry II opted-in to the action (doc. 27). Deakle and Perry were hourly employees. They claim that Grayson miscalculated their

---

[1] Stephens withdrew from the action (doc. 42).

overtime payments[2] and failed to pay them for "an assumed hour and a half of hours worked 'off-the-clock' each week"[3] (doc. 41, p. 5). Plaintiffs allege that this conduct violated 29 U.S.C. § 206 and § 207. Plaintiffs allege that Grayson's violations of the FLSA were willful, and that it did not act in good faith or with reasonable grounds to believe its conduct was not a violation. They seek declaratory relief, monetary damages, liquidated damages, a reasonable attorney's fee, and costs.

Grayson denies the allegations of violations of the FLSA and denies that it is liable to the Plaintiffs. Grayson also contends that it has meritorious defenses to the FLSA claims, which if raised, would preclude all or part of Plaintiffs' claims.

The parties negotiated a settlement, which would resolve all claims. They jointly move the Court for approval of their FLSA Settlement Agreements and Releases (doc. 41). Deakle will receive $6,000.00 for overtime wages and $6,000.00 for liquidated damages. Perry will receive $6,000.00 for overtime wages and $6,000.00 for liquidated damages. The parties report that the attorney fees and costs were separately negotiated, and they have agreed to $7,000.00.

II. Analysis

In Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit recognized two (2) methods for settlement of claims brought pursuant to the FLSA: "(1) a payment supervised by the Department of Labor under 29 U.S.C. § 216(c) or (2) by a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees,

---

[2] Plaintiffs allege that in addition to their hourly wages, employees were paid commissions and received a $25.00 bonus for each customer review they received for Grayson, but the commissions and bonuses were not included in calculating the "regular rate" on which overtime pay is based. As a result, they claim their overtime pay should have been higher (doc. 1).

[3] Plaintiffs allege that employees were required to arrive approximately thirty minutes to one hour before their shift to load trucks or attend staff meetings but were not allowed to clock in until the time their scheduled shift start time. (doc. 1).

in a suit brought by employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Padilla v. Smith, 53 F.4th 1303, 1308 n. 8 (11th Cir. 2022) (quoting Lynn's Food Stores, Inc., 679 F.2d at 1355.  The latter applies here.

Moreover, 29 U.S.C. § 216(b) provides that "...[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wage, or their unpaid overtime compensation… and in an additional equal amount as liquidated damages."  Thus, "in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of Lynn's Food Stores." Vergara v. Delicias Bakery & Restaurant, Inc., 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012).  Additionally, 29 U.S.C. § 216(b) also provides that "... The court…shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

A. Bona Fide Dispute over FLSA provisions

Plaintiffs allege that Grayson miscalculated overtime payments and failed to pay them for approximately an hour and a half of hours worked "off the clock" each week, in violation of § 206 and § 207.  Grayson denies these allegations. Grayson asserts that Plaintiffs were properly paid in accord with the FLSA.  Review of the pleadings, the joint motion, and the Settlement Agreements and Releases confirms that the parties have a bona fide dispute over FLSA provisions.

B. Fair and reasonable resolution

Evaluating the fairness of an FLSA compromise includes an assessment of 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).

Deakle estimated his top recovery, not including liquidated damages, as $10,808.89. Grayson argued that Deakle's top recovery, not including liquidated damages, was approximately $5,000.00 (doc. 41, p. 6). Perry estimated his top recovery, not including liquidated damages, as $14,089.36 (Id.). Grayson argued that Perry's top recovery, not including liquidated damages, was approximately $4,100.00 (Id.)  Thus, Deakle and Perry have compromised their claims and Grayson has compromised its position by agreeing to the terms of the Settlement Agreements and Releases which provides $12,000.00 each in total.

Nothing before the Court indicates any fraud, coercion, undue influence, or collusion.  All parties are represented by counsel. The parties agree that the settlement was made after adequate investigation and exchange of information and was "agreed upon voluntarily after due consideration by the parties" (doc. 41, p. 4, 5).  Deakle and Perry's risk of not obtaining success on the merits, the possibility of a successful defense, and the complexity, expense and possible duration of the litigation weigh in favor of settlement.  Deakle and Perry have the burden of showing their unrecorded and uncompensated hours worked and Grayson has the burden of defending their claims.  The parties concur that continued litigation could be lengthy and costly. Thus, settlement at this early stage is a reasonable means of minimizing all parties' litigation costs and risks (Id.). Consideration of the range of recovery also indicates that the settlement is a fair and reasonable compromise. Liquidated damages were not guaranteed in that Grayson believed it could show good faith sufficient to eliminate entitlement to liquidated damages.  Also, the parties' estimates of Deakle and Perry's top recovery, without liquidated damages, varied greatly (Id., p. 6).  However, they will each receive a total $12,000.00, without the risk of trial or further costs of litigation.

However, the Court has reviewed the Settlement Agreements and Releases executed by the parties (docs. 41-1, doc. 41-2).  The Court finds that the "Full and Final Release of Plaintiff's FLSA Claims" found in Section 2(a) is overly broad.  (Id., p. 3). The provision indicates release and

discharge "from any and all claims" that Plaintiff "has, had, or hereafter may have against Grayson Air based upon alleged violations of the FLSA … in connection with any alleged violations of the FLSA, for which Plaintiff had, has, or hereafter may have against Grayson Air."  (emphasis added). Also, this overly broad provision appears to conflict with other provisions. Specifically, the "Plaintiff further understands and acknowledges that Plaintiff is only releasing claims in Section 2(a) of this FLSA Agreement that arose prior to the execution of this FLSA Agreement" (Id., p. 5, paragraph 5(d)) and "Plaintiff further represents that he will not bring any action in the future in which he seeks to recover any damages from Grayson Air for alleged FLSA violations based on facts arising prior to the date and time he executes this FLSA Agreement…" (Id., p. 3, paragraph 2(b)).

The Settlement Agreements and Releases also contain the following provision: "The parties further agree that this FLSA Agreement may not be modified orally and that any modifications of this FLSA Agreement must be in writing and signed by all parties." (Id., p. 4, Section 5(a)). Providing for written modification by the parties without Court approval is not consistent with the requirement that the Court must determine whether settlement agreements are fair and reasonable. Lochren v. Horne LLP, 2023 WL 3394412, at *4 (M.D. Fla. Jan. 24, 2023) ("… the Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent Lynn's Food review through post hoc modifications of an already approved agreement.").

The Settlement Agreements and Releases also contain the following acknowledgment: "Plaintiff acknowledges that Plaintiff is getting more consideration under this FLSA Agreement than that to which Plaintiff is otherwise entitled." (Id., p. 5, Section 5(d)).   And "…he acknowledges and agrees that the payments provided to him pursuant to this FLSA Agreement fully compensate him for any actions Plaintiff brought or could have brought against Grayson Air under

5

such laws." (Id., citing the FLSA and "applicable state wage and hour laws").  These acknowledgments are inconsistent with the parties' representation in the Joint Motion that Deakle estimated his top recovery, not including liquidated damages, as $10,808.89 and Perry estimated his top recovery, not including liquidated damages, as $14,089.36 (doc. 41, p. 6).  As previously stated, Deakle and Perry compromised their claims by agreeing to the terms of the Settlement Agreements and Releases which provide $6,000.00 for unpaid wages and $6,000.00 for liquidated damages, each.

      C. <u>Choice of law provision</u>

The Settlement Agreements and Releases also contains a choice of law provision. Specifically, "This FLSA Agreement shall be governed by the statutes and common law of the state of Florida, without regard to conflict of law principles." (Id., p. 5, Section 5(c)).  The Court has found decisions wherein the district court refused to approve a similar choice of law provision on grounds that federal law applies to FLSA settlements. <u>See Hathaway v. Hemp Hop, LLC</u>, 2022 WL 2305989, at *4 (M.D. Fla. Mar. 7, 2022), report and recommendation adopted, 2022 WL 2305981 (M.D. Fla. Apr. 11, 2022) ("The Agreement contains a choice of law clause agreeing that 'the law governing the creation, interpretation, and enforcement of this Agreement is the law of the State of Florida.' … The FLSA is a federal provision and settlement agreements made under the FLSA provision are governed by federal law.").  However, in <u>Atkinson v. Gen. Elec. Credit Corp.</u>, 866 F.2d 396, 398–99 (11th Cir. 1989), the Eleventh Circuit explained that "[a]s the Supreme Court has observed, providing that a contract is to be governed by state law does not signify the inapplicability of federal law, for 'a fundamental principle in our system of complex national polity' mandates that 'the Constitution, laws, and treaties of the United States are as much a part of the law of every State as its own local laws and Constitution.'" (quoting <u>Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta</u>, 458 U.S. 141, 157, 102 S.Ct. 3014, 3024, 73 L.Ed.2d 664 (1982)). Since the parties have negotiated

and agreed that the laws of Florida will apply to their Settlement Agreements and Releases, and that agreement does not appear to infringe upon any rights that Deakle and Perry may have under federal law, the Court will allow the choice of law provision, should the parties choose to retain it in their revised Settlement Agreements and Releases.

    **DONE** and **ORDERED** this 7th day of November 2023.

                                              <u>s / Kristi K. DuBose</u>
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**