IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHASE DEAKLE and ROBERT STEPHENS, Each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GRAYSON AIR CONDITIONING, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )     CIVIL ACTION NO. 22-00476-KD-N <br> ) <br> ) <br> ) <br> ) |

## ORDER

This action is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement and Entry of an Order Dismissing Plaintiffs' FLSA Claims (doc. 41), and the amended Settlement Agreement and Release signed by Plaintiff Chase Deakle and opt-in Plaintiff Richard Perry II (docs. 44-1, 44-2). Upon consideration, and for the reasons set forth herein, the Joint Motion is GRANTED. Accordingly, the amended Settlement Agreements and Releases are approved as a fair and reasonable compromise and resolution of Deakle and Perry's FLSA claims, and Deakle and Perry shall be paid the total sum of $12,000.00 each. Further, fees for Deakle and Perry's attorneys are approved and counsel shall be paid $7,000.00.

    I. Procedural background

Plaintiffs Chase Deakle and Robert Stephens[1] brought this opt-in collective action against defendant, Grayson Air Conditioning, Inc., alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") (doc. 1, doc. 1-1, doc. 1-2). Richard Perry II opted-in to the action (doc. 27). Deakle and Perry were hourly employees. They claim that Grayson

---

[1] Stephens withdrew from the action (doc. 42).

miscalculated their overtime payments[2] and failed to pay them for "an assumed hour and a half of hours worked 'off-the-clock' each week"[3] (doc. 41, p. 5). Plaintiffs allege that this conduct violated 29 U.S.C. § 206 and § 207. Plaintiffs allege that Grayson's violations of the FLSA were willful, and that it did not act in good faith or with reasonable grounds to believe its conduct was not a violation. They seek declaratory relief, monetary damages, liquidated damages, a reasonable attorney's fee, and costs.

Grayson denies the allegations of violations of the FLSA and denies that it is liable to the Plaintiffs. Grayson also contends that it has meritorious defenses to the FLSA claims, which if raised, would preclude all or part of Plaintiffs' claims.

The parties negotiated a settlement, which would resolve all claims. They jointly moved the Court for approval of their FLSA Settlement Agreements and Releases (doc. 41). The Court declined to approve the settlement and allowed the parties an opportunity to amend their proposed Settlement Agreements and Releases to comply with the Court's concerns (doc. 43). The parties have now filed their amended Settlement Agreements and Releases (docs. 44, 44-1, 44-2).

According to the terms of the amended Agreements, Deakle will receive $6,000.00 for overtime wages and $6,000.00 for liquidated damages. Perry will receive $6,000.00 for overtime wages and $6,000.00 for liquidated damages. The parties report that the attorney fees and costs

---

[2] Plaintiffs allege that in addition to their hourly wages, employees were paid commissions and received a $25.00 bonus for each customer review they received for Grayson, but the commissions and bonuses were not included in calculating the "regular rate" on which overtime pay is based. As a result, they claim their overtime pay should have been higher (doc. 1).

[3] Plaintiffs allege that employees were required to arrive approximately thirty minutes to one hour before their shift to load trucks or attend staff meetings but were not allowed to clock in until the time their scheduled shift start time. (doc. 1).

were separately negotiated, and they have agreed to $7,000.00.

II. Analysis

In Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit recognized two (2) methods for settlement of claims brought pursuant to the FLSA: "(1) a payment supervised by the Department of Labor under 29 U.S.C. § 216(c) or (2) by a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Padilla v. Smith, 53 F.4th 1303, 1308 n. 8 (11th Cir. 2022) (quoting Lynn's Food Stores, Inc., 679 F.2d at 1355. The latter applies here.

Moreover, 29 U.S.C. § 216(b) provides that "...[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wage, or their unpaid overtime compensation… and in an additional equal amount as liquidated damages." Thus, "in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of Lynn's Food Stores." Vergara v. Delicias Bakery & Restaurant, Inc., 2012 WL 2191299, *1 (M.D. Fla. May 31, 2012). Additionally, 29 U.S.C. § 216(b) also provides that "... The court…shall, in addition to any judgment awarded to the plaintiff…allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

A. Bona Fide Dispute over FLSA provisions

Plaintiffs allege that Grayson miscalculated overtime payments and failed to pay them for approximately an hour and a half of hours worked "off the clock" each week, in violation of § 206 and § 207. Grayson denies these allegations. Grayson asserts that Plaintiffs were properly

paid in accord with the FLSA. Review of the pleadings, the joint motion, and the amended Settlement Agreements and Releases confirms that the parties have a bona fide dispute over FLSA provisions.

    B. <u>Fair and reasonable resolution</u>

Evaluating the fairness of an FLSA compromise includes an assessment of 1) the existence of fraud or collusion behind the settlement; 2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. <u>Dees v. Hydradry, Inc</u>., 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010).

Deakle estimated his top recovery, not including liquidated damages, as $10,808.89. Grayson argued that Deakle's top recovery, not including liquidated damages, was approximately $5,000.00 (doc. 41, p. 6). Perry estimated his top recovery, not including liquidated damages, as $14,089.36 (Id.). Grayson argued that Perry's top recovery, not including liquidated damages, was approximately $4,100.00 (Id.) Thus, Deakle and Perry have compromised their claims and Grayson has compromised its position by agreeing to the terms of the amended Settlement Agreements and Releases which provides $12,000.00 each in total.

Nothing before the Court indicates any fraud, coercion, undue influence, or collusion. All parties are represented by counsel. The parties agree that the settlement was made after adequate investigation and exchange of information and was "agreed upon voluntarily after due consideration by the parties" (doc. 41, p. 4, 5). Deakle and Perry's risk of not obtaining success on the merits, the possibility of a successful defense, and the complexity, expense and possible duration of the litigation weigh in favor of settlement. Deakle and Perry have the burden of showing their unrecorded and uncompensated hours worked and Grayson has the burden of

defending their claims.  The parties concur that continued litigation could be lengthy and costly. Thus, settlement at this early stage is a reasonable means of minimizing all parties' litigation costs and risks (Id.).  Consideration of the range of recovery also indicates that the settlement is a fair and reasonable compromise. Liquidated damages were not guaranteed in that Grayson believed it could show good faith sufficient to eliminate entitlement to liquidated damages.  Also, the parties' estimates of Deakle and Perry's top recovery, without liquidated damages, varied greatly (Id., p. 6).  However, they will each receive a total of $12,000.00, without the risk of trial or further costs of litigation.

Previously, the Court identified specific disfavored provision in the Settlement Agreements and Release and allowed the parties an opportunity to amend. The parties have now filed their amended Settlement Agreements and Releases (docs. 44-1, doc. 44-2).  The disfavored provisions have been resolved.  Specifically, the overly broad language in Section 2(a) has been modified to clarify that Deakle and Perry release only the FLSA claims against Grayson as of August 16, 2023 (Id., p. 3). The parties now agree that the Agreements may be modified only with court approval (Id., p. 4, Section 5(a)).  Certain acknowledgements, which conflicted with other provisions, have been removed (Id., p. 5, Section 5(d)).  And the parties amended the choice of law provision to provide for application of Alabama law, instead of Florida law (Id., Section 5(b)).  With removal of these disfavored provisions, and the amendment to the choice of law provision, the amended Settlement Agreements and Releases are approved by the Court as fair and reasonable compromises and resolutions of bona fide disputes under the FLSA.

C. <u>Attorney's fees</u>

The Court must ensure that the attorneys receive adequate compensation and that there is no conflict of interest which would affect Deakle and Perry's recovery. <u>Silva v. Miller</u>, 307 Fed.

5

Appx. 349, 351 (11th Cir. 2009) ("When a settlement agreement includes…. attorney's fees and costs, the 'FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'"). Also, 29 U.S.C. § 216(b) provides that the "court … shall, in addition to any judgment awarded to the plaintiff … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

Generally, to determine reasonableness of fees in FLSA cases, courts rely on the lodestar method. Padurjan v. Aventura Limousine & Transp. Serv., Inc., 441 Fed. Appx. 684, 686 (11th Cir. 2011).   Under the lodestar analysis, courts multiply the number of hours reasonably expended by a reasonable hourly rate for similar legal services. Id. The lodestar may then be adjusted as necessary. Id. In deciding the reasonable hourly rate and the hours reasonably expended the Court may apply the relevant factors found in Johnson v. Georgia Highway Express, Inc., 488 F. 2d 714, 717-719 (5th Cir. 1974).  Specifically, (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to properly perform the legal services; (4) preclusion of other employment by the attorney because of accepting the case; (5) the customary fee in the relevant legal community; (6) whether the fee agreement is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the action; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Overall, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.1994) (quotation

marks omitted).

The parties agree to a total sum of $7,000.00 as compensation for Deakle and Perry's attorneys and request an award in that amount. In support, the parties represent that the attorney's fees were negotiated separately and apart from the settlements, and therefore, did not adversely affect Deakle and Perry's recovery. Nothing before the Court indicates that Deakle and Perry's recovery was subject to any conflict of interests which negatively affected their settlements.

Also, Deakle and Perry provide an affidavit of counsel which sets out the educational background, years of experience, the experience in FLSA actions, and the courts of admission for the attorneys who worked on this action (doc. 41-3).  The affidavit includes a chart which identifies the attorney performing the work, the years the attorney has practiced, the customary hourly rate, and the time expended.  The chart also includes the hourly rate and time expended by a law clerk, and paralegal.  Counsel states that the hourly rates are consistent with those approved by this Court in Laird v. Jiya Jeel, LLC, *et al*, Civil Action No. 22-00259-KD-N (S.D. Ala. 2023). The total amount is $11,530.00 (Id.; see also doc. 41-4, Billing Spreadsheet). Also, costs in the amount of $696.00 were incurred, for a total of $12,226.00 (Id.).  Deakle and Perry assert that in view of the successful resolution of the claims, and because the amount requested - $7,000.00 - is 57% of the incurred fees and costs, the attorney's fees are reasonable.

The parties appear to have performed their own lodestar analysis, multiplying the hourly rates this Court previously found reasonable by the hours of work reasonably performed, and then adjusting the lodestar from $11,530.00[4]  to $7,000.00.  The Court has considered counsel's

---

[4] The Court did not award an hourly rate for "staff" in Laird.  The Court does not find $100.00 to be a "reasonable" hourly rate for "staff" as suggested by the parties.  Also, the billing (Continued)

7

affidavit testimony, the contents of the billing spreadsheet, the Court's prior decision in Laird, and the separate negotiation of the attorney's fee, and finds that no further or different adjustment to the lodestar is warranted. Accordingly, the Court finds that $7,000.00 is an adequate and reasonable attorney's fee.

III. Conclusion

Upon consideration, and for the reasons set forth herein, the Joint Motion is GRANTED. Accordingly, the amended Settlement Agreements and Releases are approved as a fair and reasonable compromise and resolution of Deakle and Perry's FLSA claims, and they shall be paid the total sum of $12,000.00, each. Further, fees for Deakle and Perry's attorneys are approved and they shall be paid $7,000.00.

A stipulated judgment shall be entered by separate document. Lynn's Food Stores, Inc. v. United States, 769 F. 2d 1350 (11th Cir. 1982); Fed. R. Civ. P. 58(a).

**DONE** and **ORDERED** this 5th day of December 2023.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

spreadsheet indicates that "staff" performed 5.8 hours of clerical work, primarily filing documents on the Court's electronic case filing system, which is not compensable. Id., Doc. 23, p. 10-11 (doc. 41-4). Thus, if the Court adjusted the lodestar as calculated by the parties, it would deduct $580.00.